IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GOODRIDGE,

    Petitioner,                    No. CIV S-07-2650 LKK DAD P

    vs.

RICHARD SUBIA, Warden, et al.,

    Respondents.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. In his petition, petitioner challenges the Board of Parole Hearings' 2005 decision to deny him parole. Petitioner also requests a stay and abeyance, which appears to have been rendered moot.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Before the court screened petitioner's original petition and request for a stay and abeyance, petitioner filed a "perfected petition for writ of habeas corpus," which the court has construed as an amended petition. Petitioner has also filed three motions to lift any stay entered

1

in this action along with a document styled "Permissive Joinder" in which he seeks to add to his amended petition a challenge to the Board of Parole Hearings' 2008 decision to deny him parole.

Petitioner is advised that the court never issued a stay in this action. Accordingly, his requests to lift any stay will be denied as unnecessary. In addition, petitioner's original request for a stay and abeyance will be denied as moot. Petitioner is also advised that he may only challenge the Board's 2005 decision to deny him parole in this action. If petitioner wishes to challenge the Board's 2008 decision denying him parole, he must do so by filing a separate habeas petition, together with a new application to proceed in forma pauperis, after he has exhausted his federal claims with respect to the 2008 denial of parole in state court. Rule 2, Fed. R. Governing § 2254 Cases. Finally, after reviewing petitioner's amended petition filed in this action, the court has determined that the amended petition must be dismissed with leave to file a second amended petition. Petitioner is advised that all petitions for writ of habeas corpus must be filed on the proper form which is provided by this court. Although petitioner may submit a separate memorandum to support his petition for relief, the court's application form must contain all relevant claims and must provide the court with all necessary information.

If petitioner elects to proceed with this action by filing a second amended petition, he should clarify his claims for relief. For example, if petitioner believes that the Board's decision to deny him parole was not supported by "some evidence" in violation of the Fourteenth Amendment Due Process Clause, petitioner should state so clearly and include facts explaining or supporting his claim. In addition, if petitioner wishes to attach exhibits to his petition, he should ensure that the references to his exhibits correspond to the actual exhibits attached to his petition.[1] If petitioner uses letters or numbers to organize his exhibits, the court will more likely be able to discern which exhibit petitioner believes supports his claim. Finally, throughout these proceedings, petitioner has submitted supplemental filings to the court, including possible

---

[1] In his memorandum of points and authorities petitioner references exhibits, but those references do not appear to correspond to any of the exhibits attached to the amended petition.

missing pages, exhibits, and letters. Petitioner is advised that the court will not allow this case to proceed in such a piecemeal fashion. If petitioner files a second amended petition, he should state therein all of the claims that he seeks to bring in this action. He should also attach to the petition any additional evidence or exhibits he wishes the court to consider.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's January 22, 2008 application to proceed in forma pauperis (Doc. No. 7) is granted;

2. Petitioner's December 10, 2007 request for a stay and abeyance (Doc. No. 1) is denied as moot;

3. Petitioner's April 2, 2008, April 15, 2008, and April 29, 2008 requests to lift any stay in this action (Doc. Nos. 10, 11 & 12) are denied as unnecessary;

4. Petitioner's April 2, 2008 amended petition is dismissed with leave to file a second amended petition within thirty days from the date of this order;

5. Any second amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Second Amended Petition";

6. Petitioner's June 17, 2008 document styled "Permissive Joinder," in which petitioner requests to add to his amended petition a challenge to the Board of Parole Hearings' 2008 decision to deny him parole, (Doc. No. 14) is denied; and

7. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED: February 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
good2650.amd