IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GOODRIDGE,

        Petitioner,               No. 2:07-cv-2650 LKK KJN P

   vs.

RICHARD SUBIAS,

        Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the 2005 Board of Parole Hearings (BPH) decision that found petitioner unsuitable for parole.  This action proceeds on the second amended petition.  Dkt. No. 17.

        Pending before the court is respondent's October 19, 2009 motion to dismiss on the grounds that this action is barred by the statute of limitations.  Dkt. No. 22.  Petitioner filed an opposition and respondent filed a reply.  Dkt. Nos. 23, 28.  After carefully considering the entire record, the court recommends that respondent's motion to dismiss be granted and this case closed.

////

II.  Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), i.e. the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.  Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003).  At the time the Ninth Circuit decided Redd, suitability decisions could be administratively appealed.  Id. at 1084.  In Redd, the Ninth Circuit held that the factual basis of the petitioner's claims challenging a parole suitability hearing could have been discovered through the exercise of due diligence when the BPH denied the administrative appeal. Id.

Since Redd, the administrative review process for parole suitability hearings has been eliminated.  According to the transcript from petitioner's May 12, 2005 suitability hearing before the BPH, the decision finding petitioner unsuitable for parole became final on September

////

2

9, 2005.[1]  Petition at 509.[2]

The statute of limitations began to run the next day, on September 10, 2005. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one year, that is until September 10, 2006, to file a timely federal petition, absent applicable tolling.  The instant federal petition, filed on December 6, 2007, is not timely unless petitioner is entitled to statutory or equitable tolling.[3]

Petitioner filed six state post-conviction collateral actions:

<u>First Round</u>

1.  October 9, 2005:  First habeas petition filed in the Sacramento County Superior Court.  Motion to Dismiss (MTD), Exh. A at 9.[4]  The petition was denied on December 5, 2005, with a reasoned opinion.  MTD, Exh. B at 2.

2.  March 22, 2006:  Second habeas petition filed in the California Court of Appeal, Third Appellate District.  MTD, Exh. C, Part 1 at 12.  The petition was denied on March 30, 2006, without comment or citation.  Id. at 2.

3.  April 4, 2006:  Third habeas petition filed in the California Supreme Court. MTD, Exh. D, Part 1 at 16.  The petition was denied on November 29, 2006, without comment or citation.  MTD, Exh. E.

<u>Second Round</u>

4.  June 30, 2007:  Fourth habeas petition filed in the Sacramento County Superior Court.  MTD, Exh. F at 10.  The petition was denied on August 10, 2007, with a reasoned opinion and a citation to <u>In re Clark</u>.  MTD, Exh. G.

---

[1] The stamped date is difficult to read as it is faded, but both parties state the BPH decision became final on September 9, 2005.  MTD at 2, Opposition at 3.

[2] The court has referred to all page numbers as they appear on the court's electronic filing system, as the petition is not numbered consecutively.

[3]  The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court.  Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

[4] The court has referred to all page numbers as they appear on the court's electronic filing system, as respondent's exhibits are not numbered consecutively.

5.  September 12, 2007:  Fifth habeas petition filed in the California Court of Appeal, Third Appellate District.  MTD, Exh. H, Part 1 at 12.  The petition was denied on September 20, 2007, without comment or citation.  Id. at 2.

6.  September 27, 2007:  Sixth habeas petition filed in the California Supreme Court.  MTD, Exh. I at 6.  The petition was denied on March 19, 2008, with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998), In re Clark, 5 Cal. 4th 750 (1993), and In re Miller, 17 Cal. 2d 734 (1941).  MTD, Exh. J.

Petitioner filed the instant petition on December 6, 2007.

Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling").  See Evans v. Chavis, 546 U.S. 189, 193-94 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005).  "[T]ime limits, no matter their form, are 'filing' conditions."  Pace v. DiGuglielmo, 544 U.S. at 417.  "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Id. at 414.  Under such circumstances, the petitioner is not entitled to statutory tolling.  Id. at 417.

Petitioner's first state petition with the Sacramento County Superior Court was filed on October 9, 2005, approximately 29 days after judgment became final.  Respondent concedes that petitioner is entitled to statutory tolling during the pendency of the that petition.  MTD at 4.  Accordingly, petitioner is entitled to tolling for the period from October 9, 2005, the date the petition was filed, to December 5, 2005, the date the state petition was denied, 57 days.

4

1   With this tolling, petitioner had until approximately November 6, 2006 to timely file his federal

2   petition.

3           The first state petition was denied on December 5, 2005, but petitioner's second

4   petition was not filed for nearly four months, approximately 107 days, until March 22, 2006, with

5   the California Court of Appeal, Third Appellate District. Petitioner is not entitled to statutory

6   tolling for the nearly four month delay between the denial of his first petition and the filing of the

7   second petition.[5] See Evans v. Chavis, 546 U.S. at 201 (2006); see also Gaston v. Palmer, 447

8   F.3d 1165, 1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir. 2005) (petitioner not entitled

9   to "gap" tolling for intervals between California state habeas filings of 15 months, 18 months,

10  and 10 months, given length of delays, lack of clear statement from California legislature or

11  courts that delays of such length were reasonable, and lack of explanation or justification for

12  delays)); Culver v. Director of Corrections, 450 F.Supp. 2d 1135, 1140-41 (C.D. Cal. 2006)

13  (unexplained, unjustified delays of 97 and 71 days between the denial of one state petition and

14  the filing of the next petition constituted unreasonable delays such that the intervals cannot be

15  tolled under Chavis).

16          The second petition filed on March 22, 2006, was denied on March 30, 2006.

17  Petitioner is entitled to 8 days of tolling while this petition was pending. Petition filed the third

18  petition on April 4, 2006, with the California Supreme Court. This petition was denied on

19  November 29, 2006. Petitioner is entitled to interval tolling for the 5 days between the petitions

20  and the 239 days while the petition was pending. With these 252 day of tolling, petitioner had

21  until approximately, July 16, 2007, to timely file his federal petition.

22          Rather than file a federal petition, petitioner filed another round of state habeas

23  petitions, beginning on June 30, 2007, with a petition filed in the Sacramento County Superior

24  Court. Petitioner will not receive tolling for the time between the California Supreme Court

25  ─────────────────────

26      [5] Petitioner's argument for equitable tolling during this time period is discussed below.

5

1  denial on November 29, 2006, and the filing of the new petition on June 30, 2007.  This period is

2  excluded from statutory tolling because petitioner had already completed "one full round" of

3  state collateral review.  <u>Biggs v. Duncan</u>, 339 F.3d 1045, 1048 (9th Cir. 2003).

4          The second round of state petitions that commenced with the fourth state petition

5  was filed 16 days prior to the expiration of the statute of limitations.  If the petition was "properly

6  filed", petitioner will be entitled to statutory tolling, while the petition was pending.

7          In a reasoned opinion, the Sacramento County Superior Court found that the

8  petition filed on June 30, 2007, was untimely and successive, due to petitioner's previous petition

9  filed in the same court regarding the same 2005 BPH hearing, and petitioner had failed to provide

10 any explanation for the delay in filing the petition.  MTD, Exh. G.  The court also held that the

11 claims were barred by <u>In re Clark</u>.  <u>Id</u>.

12         The California Court of Appeal, Third Appellate District, denied petitioner's

13 second round petition without comment or citation[6] while the California Supreme Court denied

14 petitioner's second round petition with cites to <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998), <u>In re</u>

15 <u>Clark</u>, 5 Cal 4th 750 (1993) and <u>In re Miller</u>, 17 Cal.2d 734 (1941).

16         The Sacramento Superior Court specifically noted that petitioner's petition was

17 untimely and successive, and did not look to the merits of petitioner's claims.[7]  The citation to

18 <u>Clark</u>, in the California Supreme Court decision, stands for the same proposition.  A successive

19 or untimely petition is not deemed as properly filed and will not entitle petitioner to statutory

20 tolling.  <u>See</u> <u>In re Clark</u>,  5 Cal.4th 750 (1993) (holding that, absent justification, successive or

21

22         [6] The court will "look through" the Court of Appeal's summary denial to the last reasoned

23 decision.  <u>Pham v. Terhune</u>, 400 F.3d 740, 742 (9th Cir. 2005); <u>Shackleford v. Hubbard</u>, 234
   F.3d 1072, 1079 n. 2 (9th Cir. 2000), citing <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).  The

24 second round petition before the Court of Appeal is assumed to be denied on the same grounds
   of untimeliness and successiveness in which the Superior Court held in their reasoned opinion in

25 the second round petition.

26         [7] The court noted that it had previously looked to the merits of petitioner's claims in the
   prior petition.

1   untimely habeas petition will be summarily denied); <u>Allen v. Siebert</u>, 552 U.S. 3, 7 (2007)

2   ("'When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for

3   purposes of § 2244(d)(2).'" (quoting <u>Pace</u>, 544 U.S. at 414)).

4           The California Supreme Court generally cites <u>Clark</u> to indicate that a habeas

5   petition was not timely filed.  <u>See</u> <u>Bennett v. Mueller</u>, 322 F.3d 573, 581-82 (9th Cir. 2003); <u>Park</u>

6   <u>v. California</u>, 202 F.3d 1146, 1152 n. 3 (9th Cir. 2000).  While the citation to <u>Clark</u> in the

7   California Supreme Court might have been meant to indicate that petitioner's sixth state habeas

8   petition was also successive, this does not change the determination that the petition was not

9   properly filed for tolling purposes.  <u>See</u> <u>Gonzalez v. Runnels</u>, 2008 WL 80744 at *4 (E.D. Cal.

10  Jan.7, 2008)  ("[U] nder <u>Pace</u>, whether the state supreme court meant to indicate that the petition

11  was untimely or successive would be essentially a distinction without a difference in the context

12  of statutory untimeliness under AEDPA"); <u>Delander v. Hubbard</u>, 2008 WL 2622856 at *6 (S.D.

13  Cal. July 1, 2008) ("This citation [to <u>Clark</u>] demonstrates that the court is denying the petition

14  because it is either successive or untimely . . . California rules provide that a successive petition

15  is by necessity a delayed petition.").

16          Accordingly, petitioner is not entitled to statutory tolling for the days that the

17  fourth, fifth and sixth petitions were pending.  Because these petitions were not properly filed,

18  petitioner was not entitled to gap tolling for any of the days between the filing of these petitions.

19  <u>See</u> <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir. 2005) ("Under <u>Pace</u>, if a state court denies a

20  petition as untimely, none of the time before or during the court's consideration of that petition is

21  statutorily tolled.").

22          Without the benefit of statutory tolling for the second round of state petitions,

23  petitioner had until July 16, 2007 to timely file a federal petition.  The instant petition filed on

24  December 6, 2007, is not timely unless petitioner is entitled to equitable tolling.

25          <u>Equitable Tolling</u>

26          Petitioner's arguments for equitable tolling are hard to discern.  However,

7

1   petitioner does state that during the first round of state petitions the interval between the decision

2   of the Sacramento Superior Court and the filing of the next petition in the Court of Appeal was

3   caused due to a clerical error because the Sacramento Superior Court denial was not timely

4   mailed to petitioner.  Petitioner did not receive statutory tolling for this 107 day period.

5           Petitioner has not presented sufficient facts regarding this clerical error, but even

6   if the court were to award petitioner equitable tolling for this period, the last day to timely file the

7   federal petition would have been October 31, 2007.  The instant petition filed December 6, 2007,

8   would still be more than one month late.  Therefore, the court need not address this argument for

9   equitable tolling.

10          This case should be dismissed for being filed after the expiration of the statute of

11  limitations.

12          Accordingly, IT IS HEREBY RECOMMENDED that respondent's October 19,

13  2009 motion to dismiss (Dkt. No. 22) be granted and this case closed.

14          These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

16  one days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

19  objections shall be filed and served within fourteen days after service of the objections.  The

20  parties are advised that failure to file objections within the specified time may waive the right to

21  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED:  March 26, 2010

23

24                                          _____
                                          KENDALL J. NEWMAN
25                                          UNITED STATES MAGISTRATE JUDGE

26  good2650.mtd