IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GOODRIDGE,

    Petitioner,                  No. 2: 07-cv-2650 LKK KJN P

    vs.

RICHARD SUBIAS,

    Respondent.              <u>ORDER</u>

_____/

      Petitioner, a state prisoner proceeding pro se, brought a petition for writ of habeas corpus challenging the California Board of Parole Hearings' decision that petitioner was unsuitable for parole. On June 20, 2010, this court dismissed the petition as barred by the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1). Petitioner has filed a timely appeal of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

The Supreme Court has adopted:

> a two-step analysis for deciding whether to grant a COA when a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim." [Slack v. McDaniel, 529 U.S. 473, 484 (2000).] In those circumstances, a [certificate of appealability] should issue if the prisoner can show: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." [Id.]

Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000).

In the context of a federal habeas corpus motion brought under 28 U.S.C. § 2254, the Supreme Court has indicated that the statute of limitations is procedural. Daniels v. United States, 532 U.S. 374, 381 (2001) ("Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."), but see Ellingson v. Burlington Northern, Inc., 653 F.2d 1327, 1331 n.3 (9th Cir. 1981), superceded on other grounds as stated in PAE Gov't Servs. v. MPRI, Inc., 514 F.3d 856, 859 n.3 (9th Cir. 2007) ("A judgment based on the statute of limitations is 'on the merits'" for purposes of res judicata). Accordingly, it appears that this court must analyze both whether jurists of reason could disagree with this court's ruling on the statute of limitations question and the underlying merits of the petition.

On the first issue, the court concludes that jurists of reason could disagree. On the second, the court is "simply [to] take a quick look at the face of the [petition] to determine whether the petitioner has facially alleged the denial of a constitutional right." Morris, 229 F.3d at 781 (quoting Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000)). Reviewing the petition at issue under this standard, petitioner has facially alleged that the Board of Parole Hearings violated his rights under the Due Process Clause by finding him unsuitable for parole in 2005 without "some evidence" to support this finding. See Hayward v. Marshall, 603 F.3d 546, 562-63 (9th Cir. 2010)

1  Accordingly, IT IS HEREBY ORDERED that a certificate of appealability issue as to the
2  above issues.
3  IT IS SO ORDERED.
4  DATED: July 13, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT